IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-237-FL-1
No. 5:11-CV-757-FL

| | |
|---|---|
| DWANE EDWARD RICHARDSON, ) | |
| ) | |
| Petitioner, ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on Petitioner Dwane Richardson's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Pet'r's Mot.") [DE-25]. Petitioner asserts his sentence was erroneously enhanced and he is no longer a career offender in light of the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Mem. in Supp. of Def.'s Mot. to Vacate Under 28 U.S.C. § 2255 ("Pet'r's Mem.") [DE-25-1]. This court also undertakes review of the government's motion to dismiss Petitioner's motion, Mot. to Dismiss or, in the Alternative, to Hold the Case in Abeyance ("Gov't's Mot.") [DE-30], supported by a memorandum, Mem. in Supp. of Mot. to Dismiss or, in the Alternative, to Hold the Case in Abeyance ("Gov't's Mem.") [DE-31], to which Petitioner has replied. Resp. in Opp'n to Gov't's Mot. to Dismiss ("Pet'r's Resp.") [DE-32]. The court entered an order on August 24, 2012 requiring the government to file a notice of whether the government intends to withdraw its motion to dismiss Petitioner's § 2255 motion. [DE-33]. Accordingly, the government submitted a notice of its intent not to

withdraw its motion to dismiss and provided subsequently-decided authority in further support of its position. Notice to Court of Gov't's Intent Not to Withdraw its Mot. to Dismiss and Supplemental Auth. [DE-34].[1] Petitioner's motion was referred to this court and is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CRIM. P. 59(b)(1)(B). For the following reasons, it is recommended that (1) the government's motion to dismiss [DE-30] be allowed, (2) Petitioner's motion to vacate, set aside or correct his sentence [DE-25] be dismissed, and (3) the government's alternative motion to hold the case in abeyance [DE-30] be denied as moot.

## I. BACKGROUND

On November 21, 2006, pursuant to a plea agreement, Petitioner entered a plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Mem. of Plea Agreement [DE-20]. The plea agreement provided in relevant part that Petitioner agreed to "waive knowingly and expressly . . . all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." *Id.* at 1-2 ¶ 2(c).

Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242

---

[1] The docket sheet reflects that the government filed an initial motion to dismiss and supporting memorandum on January 27, 2012. [DE-28, 29]. However, Petitioner filed a notice of deficiency on January 30, 2012 claiming the pleadings, as filed electronically on the docket sheet, did not reflect appropriate headings for the relief requested. *See docket sheet.* In response, the government filed a new motion to dismiss and supporting memorandum on January 30, 2012 with the appropriate docket headings. [DE-30, 31]. However, the government's "Notice of Intent Not to Withdraw its Motion to Dismiss" erroneously refers to its original docket entries instead of its replacement entries. [DE-34]. The court shall consider only the motion and memorandum filed by the government on January 30, 2012. Gov't's Mot. [DE-30]; Gov't's Mem. [DE-31].

2

Case 5:06-cr-00237-FL Document 36 Filed 11/09/12 Page 2 of 16

(4th Cir. 2005), Petitioner's prior state court convictions qualified as felony offenses for federal sentencing purposes.[2] As such, Petitioner was designated a career offender and, thus, subject to sentence enhancement under U.S.S.G. § 4B1.1.[3] Petitioner's Presentence Investigation Report ("PSR") ¶¶ 46-55. Prior to sentencing, the government moved for a reduction in Petitioner's sentence based upon substantial assistance. [DE-21]. The court allowed the government's motion for a reduction in sentence and Petitioner was sentenced on February 21, 2007 to a term of 113 months of imprisonment on the bank robbery conviction. J. in a Criminal Case at 1-2 [DE-24]. The district court further imposed three-year term of supervised release. *Id.* at 3.[4] Petitioner did not challenge either his conviction or sentence on direct appeal to the Fourth Circuit. Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 challenging his classification as a career offender for purposes of federal sentencing.

---

[2] According to Petitioner's Presentence Report ("PSR"), Petitioner was convicted of fleeing arrest with a motor vehicle and death by motor vehicle in Carteret County, North Carolina and fleeing arrest with a motor vehicle in Nash County, North Carolina, both serving as predicate felonies for federal sentencing purposes. *See* PSR ¶¶ 10, 16.

[3] Petitioner received a base offense level of 20 under the advisory United States Sentencing Guidelines which resulted in an adjusted offense level of 24 once specific offense level increases were applied. Further application of the career offender status increased Petitioner's base offense level to 32. Three points were subtracted in light of his acceptance of responsibility resulting in a total offense level of 29. *See* PSR ¶¶ 46-55.

[4] The statutory provisions provide a maximum term of imprisonment of 20 years for bank robbery. *See* PSR ¶ 57 (citing 18 U.S.C. § 2113(a)). Additionally, the maximum term of supervised release that can be imposed is not more than 3 years. *See* PSR ¶ 60 (citing 18 U.S.C. § 3583(b)(2)). Petitioner's sentence fell below these statutory allowed maximums. J. in a Criminal Case at 1-2 [DE-24].

3

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

4

## B.     28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). However, a petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

5

## III. DISCUSSION

Petitioner's sole contention is that his sentence enhancement as a career offender under U.S.S.G. § 4B1.1 was erroneous in light of *Simmons* and he seeks relief from his enhanced federal sentence. Pet'r's Mem. at 2 [DE-25-1]. Petitioner argues that his motion is timely under § 2255(f)(4) and, in the event it is deemed untimely, that equitable tolling should apply to extend the statutory time by which he may file his motion. Pet'r's Resp. at 3-7 [DE-32]. The government contends that Petitioner's motion is untimely and is barred by the appeal waiver contained in his plea agreement.[5] Gov't's Mem. at 3-10 [DE-31].

### A.     Timeliness of Petitioner's Motion

Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it

---

[5] The government only raises timeliness defenses under § 2255(f)(1) and (3), Gov't's Mem. at 3-9 [DE-31], whereas the Petitioner asserts timeliness under § 2255(f)(4). Pet'r's Mem. at 3-5 [DE-32]. The parties seem to be responding and replying in a mechanical manner rather than actually addressing the issues raised by the other. Thus, the court only addresses Petitioner's assertion of timeliness under § 2255(f)(4).

6

must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

Petitioner contends that his § 2255 motion is timely under § 2255(f)(4). Pet'r's Resp. at 3-5 [DE-32]. Petitioner argues the new fact discovered for purposes of § 2255(f)(4) "was not the *Simmons* decision itself, but the fact that the Petitioner's state conviction never constituted a felony conviction under federal law." *Id.* at 4. Petitioner therefore contends that the one-year period of limitation for filing his § 2255 motion should be deemed to have commenced on the date of the issuance of the Fourth Circuit's decision in *Simmons*, August 17, 2011, which marks the date "the facts in the instant case became discoverable," thereby making his motion, filed December 28, 2011, timely for purposes of § 2255(f)(4). *Id.* at 3. Petitioner supports his contention by citing *Johnson v. United States*, 544 U.S. 295 (2005), and *Gadsen*. Pet'r's Resp. at 4-5.

The Supreme Court in *Johnson* and the Fourth Circuit in *Gadsen* each held that a state court's vacatur of a petitioner's prior state conviction constituted a "fact" under § 2255(f)(4). As a result, the limitation period began tolling on the date of notice of the state-court vacatur. *Johnson*, 544 U.S. at 310. "Although 'facts' in this context have been held to include court rulings and the legal consequences of known facts, the court ruling or legal consequence must have occurred in the petitioner's *own case*." *Goode v. United States*, Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 U.S. Dist. LEXIS 142370, at *2, 2012 WL 4577244, at *1 (E.D.N.C. Oct. 2, 2012) (internal citation omitted) (citing *Shannon v. Newland*, 410 F.3d 1083, 1088-89) (9th Cir. 2005)); *see also United States v. Hardison*, Nos. 4:08-CR-77-FL-2, 4:11-CV-196-FL, 2011 U.S. Dist. LEXIS 148702, at *4-5, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (observing that *Johnson* and *Gadsen* each involved the vacatur of petitioner's *own* prior state

7

conviction directly eliminating petitioner's status as a convict). Here, *Simmons* was not part of Petitioner's own litigation history and does not apply directly to him. *See Hardison*, 2011 U.S. Dist. LEXIS 148702, at *4-5, 2011 WL 6780783, at *2. Despite the fact that Petitioner is not claiming the *Simmons* decision as the triggering fact, but rather the realization post-*Simmons* that Petitioner's prior state convictions do not qualify for career offender purposes, Petitioner still has not pointed to any action invalidating his state convictions. *Simmons* may have changed the landscape of classifying state convictions for federal sentencing purposes, but Petitioner's state convictions have not been vacated so the reasoning employed in *Johnson* and *Gadsen* to trigger § 2255(f)(4) does not apply.

Petitioner next argues that equitable tolling should apply to render his motion timely. Pet'r's Resp. at 5 [DE-32]. The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner argues the Fourth Circuit's decision in *Simmons* was an extraordinary circumstance beyond his control that prevented him from filing a timely § 2255 motion. Pet'r's Resp. at 5-7 [DE-32]. The basis of Petitioner's argument is his contention that prior to *Simmons*, he lacked a "credible, non-frivolous § 2255 claim." *Id.* at 7.

However, this court finds no grounds for equitable tolling. The Fourth Circuit's decision in *Powell* ruled that *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010),

8

articulated a procedural rule, rather than a substantive one; that the rule is not retroactively applicable to cases on collateral review; and does not permit a petitioner to benefit from the one-year period of limitation under § 2255(f)(3). 691 F.3d at 558-59; *see also Goode,* 2012 U.S. Dist. LEXIS 142370, at *3, 2012 WL 4577244, at *1 (petition untimely under § 2255(f)(3) and (4) and equitable tolling was inapplicable); *Porter v. United States*, Nos. 5:08-CR-371-BO-1, 5:12-CV-298-BO, 2012 U.S. Dist. LEXIS 129708, at *4, 2012 WL 4017923, at *1 (E.D.N.C. Sept. 12, 2012)(same). *Powell* explained that a rule is substantive if "it alters the range of conduct or the class of persons that the law punishes" and procedural if it "merely regulates '*the manner of determining* the defendant's culpability.'" 691 F.3d at 558 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). New substantive rules are applied retroactively on collateral review whereas procedural rules generally are not retroactively applicable. *Id.* Given *Powell*'s determination that the *Carachuri* rule is not a substantive rule to be applied retroactively, this court finds that equitable tolling is not available and that Petitioner has failed to present additional facts to demonstrate otherwise. *See Goode*, 2012 U.S. Dist. LEXIS 142370, at *3, 2012 WL 4577244, at *1 (finding equitable tolling did not apply in light of *Powell*); *Porter*, 2012 U.S. Dist. LEXIS 129708, at *3-4, 2012 WL 4017923, at *1 (announcing the same proposition).

**B.  Effect of the Appeal Waiver Contained in Petitioner's Plea Agreement**

In the event Petitioner's § 2255 motion is found to be timely, the government alternatively relies on Petitioner's waiver of appellate rights, including the right to contest a sentence in a post-conviction proceeding pursuant to § 2255, as grounds for dismissal. Gov't's Mem. at 9-10 [DE-31]. Petitioner, in turn, asserts that the plea agreement and waiver of

9

appellate rights should be voided as a result of mutual mistake between Petitioner and the government. Pet'r's' Resp. at 7-10 [DE-32]. Additionally, Petitioner argues his claim under *Simmons* could not have been contemplated at the time he entered his plea agreement and, as a result, his motion falls outside the scope of his plea agreement waiver. *Id.* at 13-16.

1.  Mutual Mistake

Petitioner argues that the mutual mistake present in the instant case is that "both parties entered into the plea agreement with the mutual understanding that the Petitioner had been convicted of crimes that served as predicate felony convictions that qualified the Petitioner for career offender enhancement." *Id.* at 8-9. It is well-recognized that the principles of contract law may be helpful in deciding issues pertaining to plea agreements, though not determinative. *See United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009). The law of mutual mistake in contracts provides that a contract is voidable by the adversely affected party if there is a "mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made" which has a material effect on contract performance and the adversely affected party does not bear the risk. *Restatement (Second) of Contracts* § 152 (1981).[6] A mistake is defined as a "belief that is not in accord with the facts." *Id.* § 151. The mistaken belief "must relate to the facts as they exist at the time of the making of the contract." *Id.* at Comment a. Predictions or judgments about events to occur in the future do not constitute a mistake. *Id.* Though not intuitive, facts do include the law in existence at the time the contract is made. *Id.* at Comment

---

[6] It should be noted that "[a] plea agreement, like any contract, allocates risk" and "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompan[ies] a guilty plea." *United States v. Johnson*, 410 F.3d 137, 153 (4th Cir. 2005) (citations omitted).

b. Here, at the time the plea agreement was entered into between Petitioner and the government, *Harp* was the law governing the classification of state convictions. Both parties knew of *Harp* and were not mistaken about its implications at the time of the agreement. The subsequent change in law stemming from *Simmons* almost five years later does not constitute a mutual mistake. *Harp* was within the parties present "world of facts" at the time of the plea agreement and any mistaken future prediction as to a potential change in law on the classification of state convictions has no significance here. Simply put, there was no mistake to even suggest that the basis of the plea agreement has been upset by the subsequent change in law. Because the court has determined there is no mistake at the outset, it will not address issues of materiality and allocation of risk which usually attend a discussion of mutual mistake. Accordingly, Petitioner's claim that the plea agreement is voidable by him due to mutual mistake has no merit.

2. Scope of the Appeal Waiver

A court will generally uphold a plea waiver if the record establishes the waiver is (1) valid and (2) the issue being appealed is within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). A petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220; *see also United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991) (finding waiver is valid only insofar as it is the result of a knowing and intelligent decision to forgo the right to appeal). An appellate waiver is generally considered to be knowing and intelligent where the court specifically questions the defendant about the waiver and the record reflects the defendant understood the significance of the waiver. *See Johnson*, 410 F.3d at 151. As to the issue of scope, the Fourth Circuit has identified a narrow class of claims that fall outside the scope of a

11

valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. March*, No. 3:08-590-CMC, 2012 U.S. Dist. LEXIS 22178, at *11, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) & *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992)). Moreover, courts typically "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Johnson*, 410 F.3d at 151 (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003)) (internal quotation marks omitted).

Petitioner argues that it is unclear whether Petitioner entered the plea agreement knowingly and voluntarily. Specifically, Petitioner has requested an evidentiary hearing to determine whether the collateral attack waiver was knowing and voluntary.[7] Pet'r's Resp. at 13 [DE-32]. The court has reviewed the transcript from Petitioner's arraignment on November 21, 2006. Arraignment Tr. [DE-35]. In the arraignment proceedings, the court specifically asked Petitioner if he understood the effect of the appeal waiver contained in his plea agreement to which Petitioner responded in the affirmative. *Id.* at 6. Additionally, the court determined Petitioner was competent to understand the pleading proceedings and that he was not coerced into entering the plea agreement. *Id.* at 3, 6. The record confirms that Petitioner entered his plea

---

[7] Subsequent to Petitioner's motion, the transcript of Petitioner's arraignment proceeding was electronically filed for review by the court and the parties. [DE-35]. The filing of this transcript obviates the need for an evidentiary hearing as the transcript discloses that the court did in fact address the collateral attack waiver contained in Petitioner's plea agreement.

agreement knowingly and voluntarily as he was specifically questioned about it. Having determined Petitioner's waiver of his post-conviction rights was valid, the court must next determine whether Petitioner's current challenges to his sentence fall outside the waiver's scope.

Petitioner contends that his claim under *Simmons* is not barred by an appeal waiver because his particular post-conviction claim falls outside the parameters of his plea waiver. Pet'r's Resp. at 13-16 [DE-32]. Petitioner contends that he is innocent of being a career offender and that enforcement of the waiver will result in a "miscarriage of justice." *Id.* at 15. Petitioner's innocence claim, however, is foreclosed by the Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010). In *Pettiford*, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." 612 F.3d at 284. Petitioner does not contend that he did not commit the prior offenses for which he was convicted; rather, he contests the legal classification of his predicate convictions for enhancement purposes.

Additionally, alleged errors in interpreting or applying the sentencing guidelines, such as the instant career offender enhancement, generally fall short of the complete miscarriage of justice showing necessary to support § 2255 relief as stated above. *See Mikalajunas*, 186 F.3d at 496 (finding that an alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice" to warrant relief under § 2255); *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (stating "in the absence of 'a complete miscarriage of justice,' . . . guideline claims ordinarily are not cognizable in § 2255 proceedings") (citations omitted).

Indeed, as the Fourth Circuit explained, "[a] plea agreement, like any contract, allocates risk" and "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompan[ies] a guilty plea." *Johnson*, 410 F.3d at 153 (citations omitted).

The only Fourth Circuit case to allow a petitioner's § 2255 sentencing error claim in spite of a valid appellate waiver is the unpublished decision of *United States v. Yancey*, No. 11-4792, 2012 U.S. App. LEXIS 2035, 2012 WL 313752 (4th Cir. Feb. 2, 2012). In *Yancey*, the court held that the appellate waiver did not bar the defendant's claim that he was improperly classified as a career offender; however, the only basis provided by the court for its holding was the government's agreement at sentencing that the defendant could appeal his career offender classification. *See Yancey*, 2012 U.S. App. LEXIS 2035, at *3 n.1, 2012 WL 313752, at *1 n.1. Unlike in *Yancey*, here, the record does not reflect the government agreed at sentencing that Petitioner could appeal his career offender classification. Thus, the terms of Petitioner's plea agreement still control.

A recent line of cases in this district, all citing *Yancey*, has held that whether a defendant was properly classified as a career offender in light of *Simmons* is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *See Woodard v. United States*, Nos. 5:10-CR-191-BO, 5:12-CV-106-BO, 2012 U.S. Dist. LEXIS 58626, at *7-8, 2012 WL 1438477, at *2 (E.D.N.C. Apr. 25, 2012); *Mahorn v. United States*, Nos. 5:06-CR-128-BO-1, 5:12-CV-188-BO, 2012 U.S. Dist. LEXIS 52230, at *3-4, 2012 WL 1253051, at *1 (E.D.N.C. Apr. 13, 2012); *Mathis v. United States*, Nos. 7:09-CR-139-1BO, 7:11-CV-266-BO, 2012 U.S. Dist. LEXIS 48842, at *15, 2012 WL 1156438, at *5 (E.D.N.C. Apr. 6, 2012); *Graham v. United States*, Nos. 5:10-CR-18-BO-2, 5:12-CV-19-BO, 2012 U.S. Dist. LEXIS 46853, at *4, 2012 WL

14

1120018, at *1 (E.D.N.C. Apr. 3, 2012); *Farmer v. United States*, Nos. 5:02-CR-131-BO-1, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 46840, at * 3, 2012 WL 1119920, at *1 (E.D.N.C. Apr. 3, 2012). The holding in each of these cases is premised on the finding that a *Simmons* claim is encompassed within the category of errors that fall outside the scope of post-conviction waivers because the defendant "could not have reasonably contemplated" this error when the plea agreement was executed. For the reasons stated above, however, this court understands *Yancey* differently and does not find that its holding supports a similar finding in this case.

As the Fourth Circuit has made clear, errors that a defendant "could not have reasonably contemplated" involve only a "a narrow category of claims" and in particular, errors such as the imposition of a sentence in excess of the statutory maximum penalty or based on a constitutionally impermissible factor such as race. *See United States v. Powell*, No. 09-4679, 2010 U.S. App. LEXIS 3159, at *3, 2010 WL 559709, at *1 (4th Cir. Feb. 18, 2010). Petitioner's sentence was not above the statutory maximum nor was it based on an impermissible factor such as race. In short, Petitioner's sentence simply was not in violation of the law at the time it was imposed. Accordingly, this court finds that the Petitioner has effectively waived his right to challenge his sentence on the grounds he asserts in the instant post-conviction proceeding.

## IV. CONCLUSION

Based upon the foregoing, the court recommends (1) the government's motion to dismiss [DE-30] be ALLOWED, (2) Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [DE-25] be DISMISSED, and (3) the government's alternative motion to hold the case in abeyance [DE-30] be DENIED AS MOOT.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 9th day of November, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge