IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-237-FL-1
No. 5:11-CV-757-FL

| | | |
|---|---|---|
| DWANE EDWARD RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 25), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the government's motion to dismiss or in the alternative to hold the case in abeyance (DE 30). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered memorandum and recommendation (M&R) wherein it is recommended that the court grant the motion to dismiss, and dismiss petitioner's motion to vacate. (DE 36). Petitioner filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge, grants the government's motion to dismiss, and dismisses petitioner's motion.

## BACKGROUND

On November 21, 2006, petitioner pleaded guilty to bank robbery. On February 21, 2007, petitioner was sentenced to a term of 113 months imprisonment, which term took into account petitioner's designation as a career offender and sentence enhancement under U.S.S.G. § 4B1.1, as well as a reduction in sentence based upon substantial assistance. Petitioner did not file a direct appeal. On December 28, 2011, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255,

arguing that his sentence enhancement as a career offender under U.S.S.G. § 4B1.1 was erroneous in light of Simmons.

The government moves to dismiss on grounds that petitioner's motion is untimely and not subject to equitable tolling, and barred by petitioner's plea waiver. The M&R recommends dismissal on the basis that the motion is untimely, and alternatively on the basis that petitioner waived in his plea agreement the right to collaterally challenge his conviction. Petitioner argues in his objections that the 2255 motion is timely under 28 U.S.C. § 2255(f), that equitable tolling is appropriate, and that his plea waiver does not apply here.

## DISCUSSION

Because the court agrees with the M&R that the motion is untimely, the court will dismiss the motion on that ground, without reaching the waiver issue.

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner argues that he is entitled to relief pursuant to § 2255(f)(4), because the classification of his prior state convictions changed following the Fourth Circuit decision in

Simmons, thus constituting a new "fact" as comprehended by § 2255(f)(4). This court, however, has previously rejected arguments on this basis, see United States v. Hardison, No. 4:11-CV-196-FL, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011), as further set forth in the M&R, which the court incorporates herein. M&R at 7-8. Accordingly, the court finds § 2255(f)(4) inapplicable.

Petitioner also argues that equitable tolling is appropriate. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). To benefit from equitable tolling, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. See Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004). Petitioner's equitable tolling argument, however, is foreclosed by United States v. Powell, 691 F.3d 554, 558-59 (4th Cir. 2012). Treating a change in the law as extraordinary circumstances justifying equitable tolling would render the court's holding in Powell meaningless. Moreover, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum. Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part) (quoting Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir. 2011)). Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion as untimely.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge, GRANTS the government's motion to dismiss (DE 30), DENIES AS MOOT the government's alternative motion to hold case in abeyance (DE 30), and DISMISSES petitioner's motion to vacate (DE 25). Finding no substantial issue for appeal concerning the denial of a constitutional right, see

3

28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge

4